### CONTINUATION OF APPLICATION FOR SEARCH WARRANT

I, David T. Deuman, Special Agent of the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), being duly sworn, depose and state under oath that:

1. I make this continuation of an application for a search warrant under Federal Rule of Criminal Procedure 41 for the purpose of establishing probable cause in support of search warrant for the premises 104 State St., Apartment 101 Charlevoix, Michigan 49720 (**Subject Premises**), described in Attachment A, to execute an I-200 warrant for Jose Miguel HERNANDEZ-CARRERA, a Mexican national unlawfully in the United States, a convicted felon, and "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4), described in Attachment B.

2. I am a Special Agent (SA) with Homeland Security Investigations (HSI), United States Department of Homeland Security, and have been so employed since March 2023. I am currently assigned to the HSI Sault Ste. Marie Office.

3. I am a graduate of the Federal Law Enforcement Training Center (FLETC) academies in Glynco, GA, which includes the Criminal Investigator Training Program and HSI Special Agent Training Program, where I received training in numerous areas of investigation including, but not limited to, immigration offenses, weapons trafficking, contraband smuggling, and counter-proliferations. Prior to beginning a career with HSI, I was a Trooper with the

Michigan State Police (MSP) from June 2014 to March 2023. During my tenure with MSP, I completed numerous basic and advanced law enforcement trainings to include, but not limited to, the MSP Trooper Recruit School, Basic Canine Handler School, Basic Investigator School, REID Interviewing Techniques and RAID Entry School. I served as a dual-purpose canine handler in the MSP Canine Unit from March 2017 to March 2023. I have completed numerous other law enforcement training courses / seminars throughout my career.

4. During my career as a law enforcement officer, I have conducted and participated in numerous investigations of criminal activity, to include but not limited to the following: immigration offenses, illegal firearms trafficking, possession of firearms by prohibited persons, use of a firearm in furtherance of a crime of violence or drug trafficking crime, possession and distribution of controlled substances.

5. In conducting and participating in these investigations, I have been involved in the use of various investigative techniques, including but not limited to, preparing and executing search warrants; preparing and serving subpoenas/summons; seizing evidence such as narcotics, firearms, monetary instruments, and other contraband; conducting mobile and static surveillances; and interviewing/debriefing confidential informants, other sources of information, suspects, victims, and witnesses.

6. The facts in this continuation come from my personal observations, my training and experience, and information obtained from witnesses, other special

agents, law enforcement officers, documents, open source, and government databases. This continuation contains the information necessary to support probable cause and does not contain every material fact that I have learned during the investigation. I have not withheld any information that I know that would undermine a finding of probable cause.

7. The Court has jurisdiction to issue the proposed warrant under Rule 41(b)(1) because the property to be searched is located within the district.

## STATUTORY AUTHORITY

8. Title 8, United States Code, Section 1326(a) criminalizes reentry without permission of aliens who have been previously removed. The elements of the offense are that: (1) the person is an alien; (2) the person was removed from the United States; (3) the person is thereafter found in the United States; and (4) the person did not obtain permission from the Attorney General to reapply for admission. The offense is punishable by up to two years in prison. 8 U.S.C. § 1326(a).

9. Title 8, United States Code, Section 1357(a)(5) provides that immigration officers and employees may make a warrantless arrest for any offense committed in their presence or any felony cognizable under federal law, if there are reasonable grounds to believe the person has committed or is committing such a felony.

## **PROBABLE CAUSE**

10. On or about August 11, 2011 and October 20, 2015, Jose Miguel HERNANDEZ-CARRERA was ordered to be removed by an immigration judge and subsequently deported. HERNANDEZ-CARRERA was previously convicted of unlawful reentry pursuant to 8 U.S.C. § 1326 and has two outstanding warrants: one from California and one from Illinois.

11. On April 1, 2025, agents with HSI attempted to arrest Jose Miguel HERNANDEZ-CARRERA, who had been previously deported on two occasions, on a form I-200 arrest warrant pursuant to Sections 236 and 287 of the Immigration and Nationality Act and part 287, title 8, Code of Federal Regulations because probable cause had been established that HERNANDEZ-CARRERA is removable from the United States.

12. On April 1, 2025, agents surveilled HERNANDEZ-CARRERA loading tools into his truck outside **Subject Premises**. HSI agents were familiar with HERNANDEZ-CARRERA based on his Mexican passport photograph. HSI agents attempted to contact HERNANDEZ-CARRERA, announced his name, and ordered him to stop in an attempt to execute the aforementioned warrant. HERNANDEZ-CARRERA fled agents and was surveilled back inside **Subject Premises**.

13. After he entered **Subject Premises,** agents attempted to contact HERNANDEZ-CARRERA at his known phone number, (313) 221-3477. Investigators associated this phone number to HERNANDEZ-CARRERA because he previously used it with the Charlevoix Police Department in connection with a

parking permit. After attempting to call his phone number, investigators observed the phone ring within **Subject Premises**, further confirming he was inside that residence.

15. This application also seeks authorization to search for and seize of foreign identity documents, including but not limited to, passports, voter registration cards, and/or foreign driver's license(s) bearing the personal identifying information or likeness of HERNANDEZ-CARRERA to establish his identity and that he is not lawfully present in the United States. I know, based on my training and experience, that aliens typically maintain foreign identity documents of this type where they are known to reside. Based on prior police contact with HERNANDEZ-CARRERA at **Subject Premises**, I believe that he resides at that apartment.

## CONCLUSION

15. Based on the foregoing, there is probable cause to believe that HERNANDEZ-CARRERA can be located within the **Subject Premises** and be arrested for a violation of 8 U.S.C. § 1326(a), which makes it a crime to reentry the country following removal without permission of the Attorney General. There is also probable cause to search for and seize documentary evidence of HERNANDEZ-CARRERA's identity and immigration status.